IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AMANIEL TESFAGERGESH TEWELDE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | CIVIL ACTION NO. 9:26-CV-00265 |
| v. | § | JUDGE MICHAEL J. TRUNCALE |
| | § | |
| WARDEN, IAH Federal Immigration Prison, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Amaniel Tesfagergesh Tewelde (Tewelde)'s *Pro Se* Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Tewelde entered the United States illegally sometime before 2018. *See* [Dkt. 1]. An immigration judge ordered him removed from the United States on March 19, 2018. *Id*. at 5. On June 3, 2025, United States Immigration and Customs (ICE) detained Tewelde. *Id*. at 6.

On April 13, 2026, Tewelde, proceeding *pro se*, brought a habeas corpus petition claiming to be detained in violation of federal law. [Dkt. 1].

**II. LEGAL STANDARD**

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

The court assumes that because Tewelde has already been ordered removed from the United States, 8 U.S.C. § 1231 governs his detention. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Post-removal detention is presumptively valid when fewer than six months have elapsed since the issuance of the detainee's final removal order. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 691 (2001)). Detention for more than six months is legal only if there exists a "significant likelihood" that the alien will be removed in the "reasonably foreseeable future." *Andrade*, 459 F.3d at 543 (citing *Zadvydas*, 533 U.S. at 701).

Here, Tewelde has been detained for twelve months with an order of removal. Accordingly, Tewelde must demonstrate that his removal is not reasonably foreseeable. Without this allegation in the Petition, Tewelde has not met his burden.

### IV. CONCLUSION

It is therefore **ORDERED** that Tewelde's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are **DENIED AS MOOT** and all future hearings are **CANCELLED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 22nd day of June, 2026.**

Michael J. Truncale
United States District Judge